The opinion of the court was delivered by
DeBlanc, J.
Frances E. Law died in August 1870, leaving a last will, the most important clause of which reads as follows :
“After all my just debts are paid, I give and bequeath unto my beloved husband, Archibald Welles Beard, all my property of every kind and description, consisting of lands, stock, household and kitchen furni *457 ture, farming tools, etc., to be used, enjoyed and occupied by my said husband during his natural life; and at his death, the half of my property or money, to go to Francis Henry Beard and Charles Porter Beard, children of William L. Beard and Mary Ann Law, and the other half to go to the children of Mary Ann Law and William L.'Beard; and in case of the death of Francis Henry Beard, his part of the property to go to Charles Porter Beard; and in case of the death of Charles Porter Beard, his part to go to Francis Henry Beard ; and in case of the death of both, then their half of the property to go to the children of Mary Ann Law, wife of William L. Beard.”
This will was probated a few days after the death of the testatrix, and — more than six years after — A. W. Beard, the surviving husband, alleging that he was, under said will, the instituted heir and universal legatee of his wife, applied to the probate court to be placed — as such— in possession of all that composed her succession.
A curator was appointed to represent the absent heirs of Mrs. Beard. He filed an answer containing several admissions favorable to the applicant, and — -these admissions made — -denied, in general terms, the validity and legality of the last will of Frances E. Law.
The lower court recognized A. W. Beard as the instituted heir and universal legatee, of his deceased wife, and ordered that — as such — he be put in possession of the property left- by her, and discharged as the executor of her will.
Frances E. Law died without descendants or ascendants, and her legal heirs are a surviving sister and the children of two deceased brothers. Those children, who — in the lower court — were represented by a curator, have alone and through counsel of their own choice, applied for and obtained an appeal from the decree already mentioned, and contend:
1. .That, if legal and valid in substance and in form, the last will of Frances E. Law does not constitute A. W. Beard the instituted heir and universal legatee of said deceased ; but,
2. That the will referred to contains prohibited substitutions and ftdei commissa, and is absolutely void. ■
Is there — in the clause of the testament which we have transcribed —a disposition by which any donee, heir or legatee, is' charged to preserve for or return — the sense of the 1520th article of our Code — any thing to any third person? The testatrix gave to her husband the whole of her property, but was it — as he contends — in full ownership ? Her bequest is qualified by her own expressions, and that qualification, written by herself, is “ that the property designated by her was given to her husband to be used, enjoijed and occupied by her husband during his natural life.” There can be no doubt that — so far as he is concerned— *458 that clause established, in hie favor, but the usufruct which, by a testamentary disposition, may be established on any description of estates, movable or immovable, corporeal or incorporeal; nothing more, nothing less.
C. C. 540 (532), 541 (533), 1522 (1509).
Unless otherwise provided, the right of usufruct expires — under our laws — at the death of the usufructuary. C. C. 606 (601). In this case, its duration is fixed by a clause of the testament; the use, enjoyment and occupancy of the property, according to the terms of said clause, are to last during the life of the husband, and — during that period — he is necessarily bound to preserve for the owners, whomsoever they may be, heirs or legatees, the property subject to his usufruct.
If too strictly construed, and construed without regard to the provisions of the Code, which authorize testamentary dispositions in which, as in the case of a legacy of the usufruct to one, the naked property to another, the obligation to preserve for a third party is imposed by the terms of the will and the law, the 1520th article of the Code would not merely be inconsistent with those provisions, but in any and every case of that description, would invariably nullify the right, whatever it might be, bequeathed and acquired under the recited circumstances. C. C. 1522'(1509).
“II resulte, en effet, des testes — says Mourlon — qu’un légataire ou donataire peut étre tres valablemeni charge de conserver les biens dont on le gratifie, et de les rendre a un tiers designé.”
Mourlon, vol. 2, p. 471. C. C. 540 (532); 1698 (1691).
■ Considering — as we do — that the legacy to A. W. Beard is plainly that of a right of usufruct, the fact that — as usufructuary — he is bound to preserve for, and that his own heirs may have to return to others the property comprised in the legacy of the usufruct, does not constitute a prohibited substitution, and cannot alone affect the validity of the disposition.
“The condition which — in the intention of the testator — does but suspend the execution of the disposition, does not hinder the instituted heir or legatee from having a right acquired and transmissible to his heirs,” from the death of the testator. R. C. C. 1699 (1692).
Up to the death of A. W. Beard, no heir, donee or legatee is charged —in the sense of article 1520 of the C. C. to preserve for or return any thing to third parties. At his death and in the words of the testament, the half of the property or money belonging to his wife, was to go to “Erancis Henry Beard and Charles Porter Beard, children of William L. Beard and Mary Ann Law, and the other half to go to the children of Mary Ann Law and William L. Beard; and in case of the death of Erancis Henry Beard his part of the property to go to Charles Porter *459 Beard ; and in case of the death of Charles Porter Beard his part to go-to Francis Henry Beard; and in case of the death of both these, their half of the property to go to the children of Mary Ann Law, wife of William L. Beard.”
That Mrs. Frances E. Law intended to institute, and — at-least—did attempt to designate those she intended to institute as the legatees of her estate, and of the usufruct of that estate, is undeniable. She gave to her husband the usufruct of the whole of her property, during his-natural life; and--immediately after she had-written the clause embracing that legacy — -she wrote: “at the death of my husband, the half of my property and money to go to Francis Henry and Charles Porter-Beard, and the other half to go to the children of Mary Ann Law and William L. Beard.”
“Sans doute — said Marcadé — il n’ya pas de termes sacramentéisexiges pour creer une substitution, et il importo peu de quels mots on s’est servi si la chose y est; mais il faut que.oette chose y soit certainement, évidemment, et s’il y avait ambiguité, doute, et qu’une clause put s’entendre et dans le sens d’une substitution et clans un autre sens, ce serait d ce dernier qu’il faudrait s’en teñir.”
Marcade, vol. 3, p. 376.
The light of that rule dispels the thin obscurity which rests on the-clause which we are called upon to construe. We admit that the words-used by the testatrix do not describe and convey — as fully as she could have described and conveyed them — her wishes and her intentions; but —from those words — only one inference can be drawn, and it is that— at the death of the testatrix — her estate would pass to her preferred legatees, Francis Henry and Charles Porter Beard, and the children of Mary Ann Law and William L. Beard, subject to the usufruct bequeathed to her husband.
Mrs. Frances E. Law instituted several heirs : to one — her husband —she gave the usufruct; to the others, the ownership of her entire-estate : that ownership vested in the latter at the death of the testatrix, and at the death of her husband, which — in the will — stands for the-date when the established usufruct is to expire — the possession of the-property composing the estate shall pass to those to whom it was given in full ownership.
The prohibited substitution, says Mourlon, comprises two distinct-dispositions — one to which is attached a resolutory condition — the other to which is attached a suspensive one. The fiduciary acquires on the estate entrusted to his care a right of ownership, but not an irrevocable one: that right is subject to the resolutory condition that the party for-whom the estate is to be preserved and to whom it is to be returned shall survive the fiduciary. That condition which — as to the fiduciary— *460 is resolutory, suspends — as to the beneficiary who is in the second degree — a conditional right.
“Yoici, des lors, les caracteres de la substitution prohibóe: 1— charge de conserver jusqu’á la mort du grevó; 2 — obligation de rendre a cette époque, á l’appeló, s’il est alors capable de recevoir. Toute disposition qui renferme ces éléments est nulle; en Vabsence de Vun d’eux, elle est valable.”
Mourlon, Examen du C. N. p. 468, 472.
In this case, the husband — as usufructuary — was charged, as such and in no other capacity, and charged as well by the law as by the testamentary disposition, to preserve, until his death, those of the effects subject to his usufruct, which he could enjoy without changing their substance; but neither under the will or the law, was he or could he have been charged to transmit to any one and at his death, the’ limited right which — by his death — is to be blotted out of existence. “ Comment —as remarked by Marcadé — -cette mort ferait elle passer á telle ou telle personne le bien qu’elle anóantit? II n’y a done pas de substitution possible pour l’usufruct.”
Marcado, Explication du C. N. p. 382.
The assailed clause of Mrs. Beard’s will has none of the characteristics indicated by Mourlon as constituting the prohibited substitution: neither the usufructuary, nor any heir, donee or legatee named by her, did — under that will — acquire any eventual right or revocable title, which ^as to be preserved for, and, at their death, returned to any other. In case of death of her preferred legatees, what the testatrix described as their part of her property, was to be taken by other parties designated in the will, and — as we have already inferred — taken at her death. Such a disposition is expressly authorized by the Code.
C. C. 1521 (1508).
In “ Succession of Ducloslange,” this court said: “it is true that the testator does not expressly mention that he actually bequeaths to his natural children the real property of which he gives the enjoyment to their mother during her lifetime, but that such was his intention, appears to qs to be fairly deducible from the declaration that the whole property shall go-to them, or their representatives after her death.”
“It is sometimes difficult to ascertain the true character of dispositions of this sort; but in cases of doubt, it should always be presumed that the testator intended to do that which was lawful, rather than that which is prohibited by law. It is on this principle that this court, and the tribunals in France, have held that — unless a clause in a will presents a manifest substitution, and can be understood in no other manner, it will be sustained.”
4 R. R. 412 ; 7 M. N. S, 417 ; 4 L. 504.
*461 “ The usufructuary can maintain against the owner and third persons all actions which may be necessary to insure the possession, enjoyment and preservation of his rights.” 0.0.556(549). Here, at the death of testatrix, her husband was, and — since her death — has continued to be in the undisturbed possession of the property subject to his universal usufruct, and it is evident that the only object of his action was to be recognized as the sole heir of his deceased wife, and to be discharged as the executor of her will. He is but the universal usufructuary of the estate of the testatrix, and — as the latter’s legatees are not parties to this action —he can not be discharged as executor.
These views dispense us from discussing the exception of prescription and res judicata filed by plaintiff.
We conclude:
1. That the last will of Prances E. Law contains no prohibited substitution.
2. That — by her will — her husband, Archibald W. Beard was instituted as the universal legatee of the usufruct of her estate.
3. That the universal legatees of her estate, in full ownership, are Francis Henry Beard and Charles Porter Beard, and the children of Mary Ann Law and William L. Beard, in the proportions mentioned in the will of said testatrix.
It is, therefore, ordered, adjudged and decreed that the judgment appealed from is annulled, avoided and reversed.
It is further ordered, adjudged and decreed that Archibald Wells Beard is recognized as the legatee of the universal usufruct of the estate of Frances E. Law, his deceased wife, and — this recognition exoepted— his demands are rejected at his costs in both courts.